IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JAMES JENNINGS, | : | |
| Plaintiff | : | |
| VS. | : | |
| Warden CYNTHIA NELSON, and Deputy Wardens JONES, RIGSBY, and STACY WEB, | : | NO. 1:05-cv-150(WLS) |
| Defendants | : | **ORDER TO SUPPLEMENT** |

Plaintiff **JAMES JENNINGS**, a prisoner at Autry State Prison ("ASP") in Pelham, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the required initial partial filing fee of $9.24 as previously ordered by this Court. The unpaid balance of plaintiff's filing fee is $240.76, which plaintiff is obligated to pay. To that end, it is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the balance of the filing fee has been. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

*I. BACKGROUND*

In his complaint, plaintiff alleges that, since February 2005, prison officials at ASP have been unresponsive to his need for dental care. More specifically, plaintiff alleges he has needed a tooth pulled since that time and has been left to suffer with no treatment except pain pills and an antibiotic to stop any infection. According to plaintiff, unidentified "medical staff" informed him

that the Georgia Department of Corrections has a policy that inmates must be incarcerated in the Georgia prison system for six months before a tooth can be pulled.  As of September 2005, plaintiff was experiencing a great deal of pain and pus was running from his tooth, indicating infection.  Plaintiff also appears to complain that he has been charged multiple $5.00 medical co-payments, notwithstanding the ongoing nature of his dental problems.

Plaintiff appears to be seeking injunctive relief in the form of proper dental care.  He also seeks unspecified damages.

## II.  ORDER TO SUPPLEMENT

Although plaintiff names ASP Warden Cynthia Nelson and ASP Deputy Wardens Jones, Rigsby, and Webb, as defendants to this action, he has failed to set forth any facts that would indicate that these defendants were involved in or knew about the denial of the appropriate and adequate dental care.  Because plaintiff is proceeding *pro se*, the Court will allow him to submit a supplemental complaint to provide such information.[1]  Plaintiff will also be given the opportunity to supplement his complaint to name as defendants any and all individuals who plaintiff believes were responsible for his being delayed access to treatment, and the circumstances surrounding the delay or the alleged motivation for it.

---

[1] Plaintiff is advised that the mere fact that these defendants hold supervisory positions is insufficient to find them liable as there is no *respondeat superior* liability in section 1983 actions.  **Rogers v. Evans**, 792 F.2d 1052 (11th Cir. 1986).  Thus, if plaintiff intends to pursue claims against the named defendants, he must explain to the Court specifically why each defendant should be liable to him in this lawsuit, whether through his/her personal knowledge or involvement in the alleged unconstitutional conditions or because of some other connection to the alleged conditions, such as a policy or practice that was responsible for the alleged constitutional violations.

Additionally, plaintiff should also describe in precise detail what attempts he has made to obtain dental treatment; when he made such requests; and the result of those attempts.  In addition, if plaintiff is alleging that any consequences befell him from the delay in being denied treatment, he is instructed to describe with specificity the nature of those consequences.[2]

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplement to his complaint, limited to these claims only.  No other claims will be considered.  If plaintiff fails to respond to this order in a timely manner, this action shall be dismissed.  There shall be no service of process until further order of the court.

**SO ORDERED**, this 22nd day of March, 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent that plaintiff is challenging the deductions from his prison account for dental services, the Court notes that plaintiff is not entitled to free medical care.  ***Reynolds v. Wagner***, 128 F.3d 166, 173 (3d Cir. 1997); ***accord City of Revere v. Massachusetts Gen. Hosp.***, 463 U.S. 239, 245 n.7 (1983) ("Nothing we say here affects any right a hospital or government entity may have to recover from a detainee the cost of medical services provided to him.").  Although plaintiff cannot be denied health care based upon his inability to pay, plaintiff makes no allegation that he is unable to pay and, therefore, the imposition of a $5.00 co-payment is not prohibited.  ***Reynolds***, 128 F.3d at 173.