# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| JAMES JENNINGS, | : |
| Plaintiff, | : |
| VS. | : CIVIL ACTION FILE |
| | : NO. 1:05-CV-150 (WLS) |
| CYNTHIA NELSON, et al., | : |
| Defendants. | : |

## RECOMMENDATION

This is a §1983 action brought by a State of Georgia prisoner against certain officials at Autry State Prison in Pelham, Georgia apparently alleging deliberate indifference on the part of the defendants to a serious medical condition suffered by the plaintiff. The undersigned believes that the problem about which plaintiff complains is an allegedly badly infected tooth which was secreting purulent matter and which had not been treated to the plaintiff's satisfaction at the time of the filing of the complaint.[1]

Rather than naming medical/dental personnel as defendants the plaintiff elected to name Warden Cynthia Nelson, Deputy Wardens of Care and Treatment Jones and Rigsby, and Deputy Warden of Security Webb as defendants. Worthy of note is that plaintiff named each of the above as defendants in his verified complaint (Doc. # 1), however he attributed no constitutional misconduct to any of them. The plaintiff was ordered to supplement his complaint to advise the court specifically what he alleges each defendant did or failed to do that rose to the level of a

---

[1]Plaintiff also makes some complaints about being charged more that one co-pay amount for treatment to his tooth, this however is not believed to be the real issue about which he complains.

violation of his constitutional rights. In his <u>unverified and unsworn</u> supplemental complaint plaintiff states as follows: "The defendants are respondsabale [sic] becouse [sic] they are our caretakeer [sic]. I wrote Warden Nelson exsplanning [sic] that I couldn't get my tooth pull [sic] whill [sic] in very substantial pain from medical dental staff employee also I filed a grievance informing Worden [sic] Jones, he denied my process under informal, Warden Rigsby share the same tittle as Ward [sic] Jones, Warden Webb is respondsable [sic] because I was in danger to myself with the pain and other inmate of my painning tooth. Webb is over security of inmates."

The above quoted passage is all that plaintiff has alleged against theses defendant insofar as a violation of his constitutional rights are concerned. Quite frankly, the above passage causes the undersigned to question the appropriateness of his even letting this matter proceed initially, most especially against defendants Rigsby and Webb.

On September 15, 2006, defendants filed their motion for summary judgment accompanied a brief and statement of undisputed material facts (docs. # 21-23). Plaintiff was given the required notice of the filing of the motion and of his right to respond in opposition. On September 27, 2006, plaintiff filed a motion in which he sought a continuance of the proceedings on the motion for summary judgment in order to permit discovery (doc. # 25). Inasmuch as the discovery period had closed prior to the filing of the defendants' motion with the plaintiff having sought no discovery at all, the court denied plaintiff's motion on November 20, 2006, allowing the plaintiff until December 20, 2006, to file a response to defendants' motion (doc. # 27). Plaintiff has not responded in opposition to the motion.

A review of the entire record in this matter does not indicate whether plaintiff's tooth was ever removed or whether he received treatment which rid him of the pain. In view of the fact

2

that plaintiff is not complaining to the court presently about the tooth, it is assumed that he has received treatment.

*Summary Judgment Standard*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

*Discussion*

". . . A simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [does not] support a claim of cruel and unusual punishment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir.1991). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Hill v. DeKalb RYDC, 40 F.3d 1176, 1188 (11th Cir. 1994).

The above cited legal principles are fatal to plaintiff's cause. The record before the court contains no evidence as to the treatment received for tooth or when it was received. Attached to plaintiff's complaint are copies of certain documents, none of which address the defendants' alleged deliberate indifference towards plaintiff's dental condition. In fact these documents indicate that was seen/treated by dental personnel, but perhaps he did not receive the treatment he wanted. "Evidence 1" is plaintiff's request for dental treatment and is dated September 21, 2005. "Evidence 2" indicates that plaintiff was seen by dental on September 28, 2005, and was charged a co-pay of $5.00. "Evidence 3" is plaintiff's co-pay appeal form. "Evidence 4" is the denial of plaintiff's informal grievance as being non grievable (see evidence 5). "Evidence 5" is plaintiff's informal grievance form indicating that he was again seen by dental on October 5, 2005, and he is complaining about being charged for the co-pay, rather than about the treatment he did or did not receive. "Evidence 6" is a statement from plaintiff's cell mate regarding what he saw when he looked into plaintiff's mouth.

All of the evidence presented by the plaintiff is outlined in the immediately preceding paragraph and does not name any of the defendants herein. If plaintiff is complaining about a delay in dental treatment exacerbating his condition, he has failed to present verifying medical evidence as to the damage caused by the delay. It is entirely possible that plaintiff's entire complaint is predicated upon a difference of opinion with that of the dental staff as to the type of dental treatment he needed. The time for the plaintiff to demonstrate the existence of a genuine material factual issue was in response to defendants' motion for summary judgement. This he failed to do. In short, the record before the court contains absolutely no evidence that creates a genuine issue of material fact as to deliberate indifference on the part of any named

4

defendant toward plaintiff and his dental problem.

Given the record before the court, the plaintiff can not carry his burden at trial and it is therefore the **RECOMMENDATION** of the undersigned that defendants' motion for summary judgment be **GRANTED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 15th day of August 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE